80 N.J. Super. 407 (1963)
194 A.2d 1
JEAN RAPHALIDES, APPELLANT,
v.
NEW JERSEY DEPARTMENT OF CIVIL SERVICE AND CITY OF JERSEY CITY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 16, 1963.
Decided September 27, 1963.
*408 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Francis X. Hayes argued the cause for appellant (Mr. Julius D. Canter, attorney).
Mr. T. James Tumulty argued the cause for respondent City of Jersey City (Mr. Meyer Pesin, attorney).
Mr. Arthur J. Sills, Attorney General of New Jersey, attorney for respondent Department of Civil Service (Mr. William L. Boyan, Deputy Attorney General, of counsel), filed a statement in lieu of brief.
The opinion of the court was delivered by SULLIVAN, J.A.D.
This is an appeal from a decision of the Civil Service Commission affirming the action of the City of Jersey City in removing appellant from her position in the Department of Revenue and Finance of Jersey City.
On April 27, 1959 appellant received a permanent Civil Service appointment to the position of bookkeeping machine operator in the Department of Revenue and Finance of Jersey City. At that time Jersey City was operating under the provisions of the commission form of government law, R.S. 40:70-1 et seq. (Walsh Act).
*409 On May 4, 1959 appellant was convicted of larceny (N.J.S. 2A:119-2) in the Municipal Court of the City of Newark. On appeal to the Essex County Court, her conviction was affirmed. She informed her superiors of her conviction. However, no disciplinary proceedings were brought against her and she was retained in her position.
Pursuant to a referendum vote, and effective July 1, 1961, the form of government of Jersey City was changed. Since then the city has been operating under the Optional Municipal Charter Law, N.J.S.A. 40:69A-1 et seq. (Faulkner Act). Section 166 of said act provides in part, as follows:
"Any person convicted of a crime or offense involving moral turpitude shall be ineligible to assume any municipal office, position or employment in a municipality governed pursuant to this act, and upon conviction thereof while in office shall forfeit his office."
In August 1961 appellant was dismissed from her position by the Director of Revenue and Finance. No charges were preferred against her at the time. Appellant filed an appeal with the Civil Service Commission. However, prior to a hearing of her appeal the city served her with a notice of disciplinary action charging her with "Violation of N.J.S.A. 40:69A-166, to wit, conviction of a crime involving moral turpitude (2A:119-2)." After a hearing before the Director of Revenue and Finance of Jersey City, the charge against her was found to have been sustained and her removal was ordered. Thereafter, the action of the city in removing appellant was affirmed by the Civil Service Commission.
The instant appeal makes two main points: (1) the crime of which appellant was convicted does not involve moral turpitude; (2) since appellant's conviction antedated the adoption of the Faulkner Act by Jersey City, the provisions of section 166 are inapplicable to such conviction.
There is no merit to the contention that larceny, the crime of which appellant was convicted, does not involve moral turpitude. Larceny was a felony at common law and, whether grand or petit, is uniformly held to involve moral *410 turpitude. 52 C.J.S. Larceny § 60, p. 851; Bufalino v. Irvine, 103 F.2d 830 (10 Cir. 1939); Orlondo v. Robinson, 262 F.2d 850 (7 Cir. 1959); Bell v. Commonwealth, 167 Va. 526, 189 S.E. 441 (Sup. Ct. App. 1937).
Appellant's claim that the provisions of N.J.S.A. 40:69A-166 do not apply to her conviction is likewise without merit. Briefly, appellant argues that the words "ineligible to assume," as used in the statute, refer only to initial assumption and, since appellant was appointed to her position prior to the adoption of the Faulkner Act by Jersey City, the "ineligible to assume" provision is inapplicable to her.
The statutory purpose is clear. N.J.S.A. 40:69A-166 is intended as a safeguard for the public. (City of Newark v. Department of Civil Service, 68 N.J. Super. 416, 425 (App. Div. 1961). Persons convicted of a crime involving moral turpitude are ineligible to hold office or position in any municipality operating under the Faulkner Act. The words, "to assume any municipal office, position or employment," must be taken in their broad sense of day-to-day occupancy of such municipal office, position or employment. On the facts presented, appellant's removal was mandatory. City of Newark v. Department of Civil Service, supra.
We have considered the other points raised by appellant and find them to lack substance.
Judgment affirmed.